**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

THE HIPAGE COMPANY, INC.,

       Plaintiff,

v.                                   Civil Action No.:2:08-cv-336 JBF-TEM

ACCESS2GO, INC.

       Defendant

## DEFENDANT ACCESS2GO, INC.'S, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER

Defendant Access2Go, Inc. ("Access2Go"), by counsel, submits this Memorandum in Support of its Motion to Dismiss or, in the alternative, Motion to Transfer in response to Plaintiff Hipage Company, Inc.'s ("Hipage") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## INTRODUCTION

Hipage's Complaint seeks a Declaratory Judgment that a written agreement signed by Hipage and Access2Go executives did not create a binding contract between them. Hipage's Declaratory Judgment action should be dismissed pursuant to Rule 12(b)3 because the contract at issue contains a forum selection clause dictating that all disputes arising out of the contract be litigated in Illinois, and, the parties are currently litigating the same issues in a previously filed lawsuit in Illinois.  Hipage's Declaratory Judgment action should also be dismissed pursuant to rule 12(b)6 because (a) it is being used to secure a forum, (b) the alleged wrong has already been suffered and litigation has commenced, and (c) Hipage will not be

prejudiced by a dismissal of this action because it can bring its defenses and any counterclaim to the Illinois lawsuit that was filed first.

In the alternative to dismissal, Access2Go requests that this Court transfer the action to the United States District Court for the Central District of Illinois so that the parties are not litigating the same matters in two forums and, therefore, risking a possibility of two different outcomes.

## FACTUAL BACKGROUND

1.     Access2Go is an Illinois corporation in the business of providing switchless voice and data communications headquartered in Peoria County, Illinois.

2.     Hipage is a Virginia Corporation in the business of intermodal freight shipping with corporate offices located in Norfolk, Virginia.

3.     As alleged in the Complaint at paragraph 21, Access2Go filed suit against Hipage in the Circuit Court of the Tenth Judicial Circuit of Illinois Peoria County.  The Illinois Lawsuit was filed on May 9, 2008 and served on Hipage on June 12, 2008.  ("Illinois Lawsuit" and exhibits attached hereto as Exhibit 1).  On July 11, 2008, Hipage removed the Illinois Lawsuit to the United States District Court for the Central District of Illinois.[1]

---

[1] Pursuant to Federal Rule of Evidence 201, the Court should take judicial notice of the Complaint and exhibits in the Illinois Lawsuit, because it has been removed to federal court and those documents are available to the Court on the Pacer Service Center at www.pacer.psc.iilscourt.gov.  Moreover, Hipage's Declaratory Judgment action is premised upon the existence of a controversy induced by the Illinois Lawsuit, which it has specifically alleged; and the obvious purpose of the requested Declaratory Judgment is to provide a defense to the Illinois Lawsuit.  *See* Complaint, ¶¶ 21, 24, and 25.  As such, the document can be considered by the court in ruling on a motion to dismiss.  *See* Fed. R. Civ. P. 10(c); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.,* 18 F.3d 1161, 1164 (4th Cir. 1994); *citing Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (deeming a complaint "to include . . . any statements or documents incorporated in it by reference" and permitting a defendant to produce such materials when attacking the complaint); *see also Gasner v. County of Dinwiddie,* 162 F.R.D. 280 (E.D. Va. 1995) *aff'd.,* 103 F.3d 351 (4th Cir. 1996) (documents attached to motion to dismiss considered part of the pleadings if referred to in plaintiff's complaint and central to claim).

4.     The Illinois Lawsuit alleges breach of contract against Hipage for its breach of a Service Agreement the parties executed in February 2008, under which Hipage agreed to pay Access2Go to establish telecommunications capacity and services at several of Hipage's facilities.  Illinois Lawsuit, ¶ 3-4; Complaint ¶ 20.

5.     The Service Agreement and twelve individual "Service Orders" were signed on behalf of Hipage by its Information Technology Manager, Chris Unger on February 7, 2008.  Janice L. Hamilton, Access2Go's Director of Operations, executed the documents on behalf of Access2Go on February 12, 2008.  Illinois Lawsuit, ¶ 4; Complaint, Exh. A.

6.     Paragraph 19 of the Service Agreement contains a clear, unambiguous forum selection clause as follows:

> **Governing Law; Jurisdiction.**  This Service Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction.  ***By its execution and delivery of this Service Agreement, each of the parties hereby irrevocably and unconditionally agrees for itself that any legal action, suit or proceeding against it with respect to any matter under or arising out of or in connection with this Service Agreement must be brought in the Circuit Court of Peoria County, Illinois or in the Federal District Court for the Central District of Illinois, which courts shall have exclusive jurisdiction of all matters arising out of or in connection with this Service Agreement***, except for recognition or enforcement of and judgment tendered by said courts.

(Emphasis added).  Illinois Lawsuit, Exh. A; ¶ 19; Complaint, Exh. A.

7.     Paragraph 34 of the Service Agreement also contains an integration clause as follows:

> **Entire Agreement.**  Subject to any applicable tariff, this Service Agreement and its exhibits comprise the complete and exclusive statements of the agreement of the parties concerning the subject matter hereof, and supersedes all previous statements, representations, and agreements concerning the subject matter hereof, whether written or oral.

Illinois Lawsuit, Exh. A, ¶ 34; Complaint, Exh. A.

8.      Paragraph 29 of the Service Agreement provides that each signatory represents that he has the authority to bind the party on whose behalf he signs.

9.      Each signed Service Order Provides, "Your signature acknowledges that you have read, understand and accept such terms and conditions and that you are duly authorized to execute and deliver this order."  Illinois Lawsuit, ¶ 6, Exh. A; Complaint, Exh. A.

10.     On March 15, 2008, Hipage's President and CEO, Frank Daman, executed Access2Go's "Standard Credit Application."  Mr. Daman therein listed bank, telecom industry, and commercial references in support of the Service Agreement.  Illinois Lawsuit, Exh. B.

11.     The Illinois Lawsuit alleges that from February 2008-April 2008, Access2Go commenced the work for Hipage's telecommunications network pursuant to the Service Agreement.  Illinois Lawsuit, ¶ 14-15; Complaint, ¶ 21.  On April 21, 2008, Hipage suddenly claimed it was not under contract with Access2Go.  Complaint, ¶ 21.  Hipage commenced a practice of turning away technicians who were to perform the final network installations and testing at some of Access2Go's facilities.  Illinois Lawsuit, ¶ 14-16.  In response, as detailed above, Access2Go filed the Illinois Lawsuit alleging breach of contract for Hipage's breach of the Service Agreement.  Complaint, ¶ 21.

12.     On June 24, 2008, Hipage filed its Complaint in the Circuit Court for the City of Norfolk seeking a Declaratory Judgment that the Service Agreement being litigated in Illinois is not enforceable.

13.     On July 8, 2008, Access2Go removed Hipage's action to this Court.

## MOTION TO DISMISS

### A.    Hipage's Declaratory Judgment Action Should be Dismissed
### Pursuant to the Forum Selection Clause in the Service Agreement

Hipage's Complaint should be dismissed because its request for relief involves the Service Agreement and its enforceability.  As indicated above, the Service Agreement has a clear, unambiguous, forum selection clause stating that the parties agree to bring all claims regarding the Service Agreement in Illinois.  The "Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996).  Similarly, the Virginia Supreme Court has embraced the modern view that forum selection clauses are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power. *Paul Business Systems, Inc. v. Canon U.S.A.*, Inc., 240 Va. 337, 342, 397 S.E.2d 804 (Va. 1990); *S.W. Va. R.P.S, L.L.C. v. C.T.I. Molecular Imaging, Inc.*, 74 Va. Cir. 117, 118 (Va. Cir. Ct. 2007); *Ash-Will Farms, L.L.C. v. Leachman Cattle Co.*, 61 Va. Cir. 165, 168 (Va. Cir. Ct. 2003); *New Life Christian Church v. Dynabilt Tech. Int'l Corp.*, 59 Va. Cir. 399, 401 (Va. Cir. Ct. 2002).

Hipage's attempts to introduce parol evidence to go outside the four corners of the document should fail.  First, as indicated above, there is an integration clause in the agreement. Second, the Virginia Supreme Court has held that "[i]n the absence of fraud, duress, or mutual mistake, a person having the capacity to understand a written instrument who reads it, or without reading it or having it read to her, signs it, is bound by her signature," and she cannot rely on oral statements of the maker of the instrument to nullify the instrument's provisions and to support rescission of the written instrument.  *Ayers v. Mosby*, 256 Va. 228, 234, 504 S.E.2d 845, 848

(Va. 1998); *citing Metro Realty of Tidewater, Inc. v. Woolard,* 223 Va. 92, 99, 286 S.E.2d 197,

200 (1982); *Ashby v. Dumouchelle,* 185 Va. 724, 733, 40 S.E.2d 493, 497 (1946).

   Moreover, even if Hipage were able to introduce parol evidence to modify the

written contract, this is an issue that must be brought in Illinois. Hipage's claim that the Service

Agreement does not constitute an enforceable written contract for services does not make the

forum selection clause invalid because the forum selection clause is a separate and independent

agreement by the parties that Illinois Courts will decide ***any matter under or arising out of or in***

***connection with this Service Agreement.*** The forum selection clause provides that:

> By its execution and delivery of this Service Agreement, each of the Parties
> hereby irrevocably and unconditionally agrees for itself that any legal action, suit
> or proceeding against it with respect to any manner under or arising out of or in
> connection with this Service Agreement must be brought in the Circuit Court of
> Peoria County, Illinois, or in the Federal District Court for the Central District of
> Illinois, which courts shall have exclusive jurisdiction of all manners arising out
> of or in connection with this Service Agreement, except for recognition or
> enforcement of and judgment rendered by said courts.

Hipage does not dispute the existence of the Service Agreement or that it was executed by its

"Director of Information Technology." It is not alleging there was any fraud involved in the

execution of the Service Agreement. Rather, Hipage is alleging that Unger signed the Service

Agreement for the purpose of entering into further negotiations with Access2Go. Even taking

Hipage's argument as is, whether the Service Agreement was executed for the purpose of

binding the parties to a contract for services (as Access2Go argues), or whether the Service

Agreement was executed by Unger for the purposes of memorializing the parties agreement to

further negotiate (as Hipage alleges) the forum selection clause dictates that the dispute be

governed in Illinois by Illinois law.

   Hipage's argument "arises out of or in connection with" an executed document –

the existence of which is not disputed. If every time a party wanted to get out of a forum

selection clause all he/she had to do was assert the contract was invalid, forum selection clauses would never be enforced. This is not supported by the case law in Virginia or common sense. If Hipage wishes to argue it is not bound by the Service Agreement it can (and likely already is) making these arguments in Illinois.

### B.   A Declaratory Judgment Action Cannot be Maintained in this Case

Hipage's Declaratory Judgment Action is improper because it is being used to secure a forum, the alleged wrong has already occurred and litigation has commenced, and Hipage's arguments can be litigated in the identical case filed first in Illinois.

The federal Declaratory Judgment Act provides "that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *quoting* 28 U.S.C. § 2201(a) (citations omitted). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *see also Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) (district courts are "under no compulsion" to exercise jurisdiction over declaratory judgment action). "This circuit has long recognized the discretion afforded to district courts in determining whether to render declaratory relief," *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421 (4th Cir. 1998). Accordingly, a district court's decision to decline to exercise such jurisdiction is reviewed for an abuse of discretion. *Id.* at 421

(citing Wilton, 515 U.S. at 290*). New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 296-297 (4th Cir. 2005).[2]

The United States Supreme Court, as well as the Circuit Court of Appeals for the Fourth Circuit, has held that the purpose of the Declaratory Judgment Act is to avoid trying cases piecemeal and to afford an adequate, expedient and inexpensive remedy for declaring the rights and obligations of litigants in one action. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942); *Aetna Casualty & Surety Co. v. Yeatts*, 99 F.2d 665, 670 (4th Cir. 1938); *State Farm Mut. Automobile Ins. Co. v. Hugee*, 115 F.2d 298, 132 A.L.R. 188 (4th Cir. 1942); *Maryland Casualty Co. v. Boyle Const. Co., Inc.*, 123 F.2d 558 (4th Cir. 1941); *Maryland Casualty Co. v. Faulkner*, 126 F.2d 175 (6th Cir. 1942); *Maryland Casualty Co. v. Consumers Finance Service, Inc.*, 101 F.2d 514, 516 (3rd Cir. 1938).

Here, Hipage's action for Declaratory Judgment should be dismissed for the reasons set forth below.

## 1.   <u>Declaratory Judgments Cannot be used to Secure a Forum</u>

Hipage's Declaratory Judgment action should be dismissed because Declaratory Judgment actions cannot be used to secure a forum.

Hipage's Declaratory Judgment action is an obvious attempt to establish a defense to the Illinois action in a different forum.  Declaratory Judgment actions are not allowed by parties "to gain a litigation advantage by obtaining an advance ruling on an affirmative defense." *Calderon v. Ashmus,* 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998).  Here, it is

---

[2] A Declaratory Judgment Complaint filed under State law and removed to federal court is governed by the federal Declaratory Judgment Act.  *First Nationwide Mortgage Corp. v. FISI Madison, LLC,* 219 F. Supp. 2d 669, 672 (D. Md. 2002); *citing Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *see also Bourazak v. North River Ins. Co.,* 379 F.2d 530, 533 (7th Cir. 1967) ("The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights.") (citations omitted).

clear Hipage is trying to delay and hinder the previously filed Illinois Lawsuit and forum shop by filing a Declaratory Judgment action in Virginia addressing the same issues already being litigated between the same parties in Illinois.  As indicated above, Declaratory Judgment should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co.,* 139 F.3d at 422; *quoting Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).  Indeed, "piecemeal" litigations would be the precise result in this matter should Hipage's case in Virginia proceed.  The Declaratory Judgment action addresses one defense to Access2Go's breach of contract action.  If Access2Go prevails here, it only defeats this one defense - the parties will still need to litigate the elements of the breach of contract claim in Illinois.  If Access2Go does not prevail in this action, but prevails in the Illinois lawsuit, then there would be two different outcomes to the same issue.

Here, Hipage's purpose is to use the Declaratory Judgment action to interfere with the Illinois lawsuit and secure a different forum – or it simply would have asserted the defenses it makes herein to Access2Go's breach of contract case.  The Courts have repeatedly stated that Declaratory Judgments are ***not*** to be used as procedural tools to forum shop.  *Penn-America Ins. Co. v. Coffey,* 368 F.3d 409, 412 (4th Cir. 2004) (court should consider whether the action is procedural fencing or forum shopping); *See First Nationwide Mortgage Corp. v. FISI Madison, LLC,* 219 F.Supp.2d 669 (D. Md. 2002); *citing Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 324 (4th Cir. 1937); *Myles Lumber Co. v. CNA Fin. Corp.,* 233 F.3d 821, 824 (4th Cir. 2000).  *Allied-General Nuclear Services v. Commonwealth Edison Co.*, 675 F.2d 610, 611 ("a declaratory action should not be used "to interfere with an action which has already been instituted."); *quoting Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).

This prohibition against use of a Declaratory Judgment action to interfere with another proceeding and secure a different forum is so strong, in fact, that courts will dismiss Declaratory Judgment actions even when no other lawsuit is pending if the reason for the action is to secure a forum ahead of an expected lawsuit.  *See Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 557 (S.D.N.Y. 2000) ("An improper anticipatory filing is 'one made under the apparent threat of a presumed adversary filing the mirror image of that suit' in another court.") (citations omitted).[3]  In this case, Hipage's attempts are even more egregious as Access2Go filed its breach of contract claim in Illinois first.

Hipage is improperly using the Declaratory Judgment action as a weapon to hinder the Illinois Lawsuit and forum shop.  Case law is clear that such "piecemeal litigation" and "procedural fencing" should be rejected.

## 2.   Hipage's Declaratory Judgment Action is Improper Because the Wrong has Already Been Suffered and Litigation has Commenced

Hipage's Declaratory Judgment action should be dismissed because the alleged wrong has already been suffered and litigation has already commenced over that wrong.  The Declaratory Judgment statute was enacted to afford relief to a party who is uncertain regarding his legal rights and seeks guidance from the court in order to prevent the accrual of future damages.  *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.,* 386 F.3d 581, 593 (4th Cir. 2004); *see also Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,* 28 F.3d 572, 577 (7th Cir. 1994) (stating that purpose of Declaratory Judgment Act is to avoid accrual of

---

[3] The Supreme Court of Virginia is similarly adamant that Declaratory Judgment actions cannot be used to forum shop.  *See Green v. Goodman-Gable-Gould Co.,* 268 Va. 102, 107, 597 S.E.2d 77, 80 (2004) (reversing trial court's decision to allow Declaratory Judgment stating that Declaratory Judgments are not to be utilized "as instruments of procedural fencing, either to secure delay or to choose a forum."); *quoting Williams v. Southern Bank of Norfolk,* 203 Va. 657, 662, 125 S.E.2d 803, 807 (1962); *see also USAA Cas. Ins. Co. v. Randolph,* 255 Va. 342, 497 S.E.2d 744 (1998) (stating the same); *Liberty Mut. Ins. Co. v. Bishop,* 211 Va. 414, 419 (1970) (stating the same) (citations omitted).

avoidable damages to party uncertain of its rights); *see also Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3rd Cir. 1974). ("The purpose of a declaratory judgment is to avoid the accrual of damages which possibly could be avoided by one who is not certain of the full nature of his rights and to allow him a forum to adjudicate such rights instead of waiting for his adversary to file suit.")   A second purpose of the Declaratory Judgment Act is to remove the threat of litigation so that a party does not act "at his peril while uncertain of his legal rights." *Setra of N. Am., Inc. v. Schar,* 2004 U.S. Dist. LEXIS 12821, *36 (M.D.N.C. May 19, 2004) (citations omitted).

Hipage filed this action in order to interfere with the Illinois lawsuit and forum shop, and not to achieve the intended purpose (articulated above) of the Declaratory Judgment Act.  The alleged wrong at issue has already been suffered by Access2Go and Access2Go is already suing in Illinois to recoup damages from that wrong.  As such, this court can provide no guidance to Hipage that will enable it to avoid future damages, because Hipage has already acted, and it cannot remove the threat of litigation.  Perhaps it would have been appropriate for Hipage to seek guidance (from an Illinois court) before it allowed Access2Go to perform any installation work, or before it turned Access2go's technicians away from conducting the final installation.  But that is not what Hipage did.  Rather, in this case, Hipage is attempting to use this Declaratory Judgment action to manipulate this Court into providing "guidance" to its sister court in Illinois, not to the parties themselves.  That is not the intended purpose of a Declaratory Judgment action:

> "The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature. In other words, the intent of the act is to have courts render declaratory judgments which may guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would

jeopardize their interests.  This is with a view rather to avoid litigation than in aid
of it."

*Liberty Mut. Ins. Co. v. Bishop,* 211 Va. 414, 421, 177 S.E.2d 519, 524 (Va. 1970).

The parties have already determined their course of action, Hipage has already
repudiated its contract with Access2Go and Access2G0's cause of action has already matured.
This Court cannot provide any guidance to either party that will avoid these events.

> **3.      The Illinois Case was filed first and Hipage is not Prejudiced
> because it can assert its same arguments in the Illinois Lawsuit**

Finally, this case should be dismissed because the Illinois Lawsuit was filed first.
The general rule is when parties to a dispute are litigating the same lawsuit in two federal district
courts, priority is given to the case that was filed first.  *See, Ellicott Mach. Corp. v. Modern
Welding Co.,* 502 F.2d 178, 180 n.2 (4th Cir. 1974); *citing Mattel, Inc. v. Louis Marx & Co.,* 353
F.2d 421, 423 (1965), *cert dismissed,* 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed. 2d 546 (1966).  In
such a case, the district court may stay or dismiss a suit that is duplicative of another federal
lawsuit pursuant to its general power to administer its docket.  *See Chase Brexton Health Servs.
v. Md.,* 411 F.3d 457, 463 (4th Cir. 2005); *Missouri ex rel. Nixon v. Prudential Health Care Plan,
Inc.,* 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.* 226 F.3d 133, 138 (2d Cir.
2000).

Hipage will not be prejudiced from the Court's dismissal of this matter because,
as stated above, it can assert its same defenses and arguments regarding the enforceability of the
Service Agreement in the Illinois Court.  *See Andrews v. Universal Moulded Products Corp.,*
189 Va. 527, 529, 53 S.E.2d 837 (1949) (if the question sought to be adjudicated through a
motion for declaratory judgment is already the subject matter of another proceeding, the court
may properly dismiss the declaratory judgment action).  Here, the same issues alleged in the

Declaratory Judgment Action are the subject of a previously filed suit in Illinois.  As such, another mode of proceeding is provided and this action should be dismissed.

## MOTION TO TRANSFER

In the alternative to Access2Go's Motion to Dismiss, Access2Go requests the Court transfer this action to the United States District Court for the Central District of Illinois. "Where the same parties have filed similar litigation in separate federal fora, doctrines of federal comity dictate that the matter should proceed in the court where the action was first filed, and that the later-filed action should be stayed, transferred, or enjoined." *L & H Techs., Inc. v. Technosports, Inc.,* 2006 U.S. Dist. LEXIS 5089 (W.D.N.C. Jan. 20, 2006); *citing Nutrition & Fitness, Inc. v. Blue Stuff, Inc.,* 264 F.Supp.2d, 360 (2003); *Learning Network, Inc. v. Discovery Communs., Inc.*, 11 Fed. Appx. 297 (4th Cir. 2001).

Here, if the Court declines to dismiss this action, it should transfer it to the United States District Court for the Central District of Illinois where the cases can be consolidated and decided together.  The Illinois proceeding was filed first, the parties are identical, the relief Hipage seeks and the arguments it asserts are identical to the arguments it will make in its defense to the Illinois lawsuit.  As such, if this action is not transferred; judicial economy will not be well served because the parties will be forced to litigate the same issues in multiple forums creating collateral estoppel and res judicata problems.  *See Setra of N. Am., Inc. v. Schar,* 2004 U.S. Dist. LEXIS 12821 (M.D.N.C. 2004) (judicial economy is not served by allowing a declaratory judgment action to proceed in one action where a counterclaim could be raised in the other action which encompasses the declaratory judgment).  *See also Childers Foods, Inc. v. Rockingham Poultry Marketing Co-op., Inc.,* 203 F.Supp. 794, 796 (W.D.Va. 1962) ("it seems wasteful and extravagant for litigants to be required to proceed simultaneously in two different

forums, where the issues, while not identical, are so similar.").  Finally, as indicated above, Paragraph 19 of the Service Agreement contains a choice of law provision that Illinois law governs the dispute.  As such, judicial economy is further served by staying this action because an Illinois Court will be the forum to decide legal issues pursuant to Illinois law.

WHEREFORE, Defendant Access2Go by counsel, requests that:

(1)      Access2Go's Motion to Dismiss be granted; or

(2)      Access2Go's Motion to Transfer be granted and Hipage's Complaint for Declaratory Judgment be transferred to the United States District Court for the Central District of Illinois and consolidated with the Illinois Lawsuit; and

(3)      Access2Go be awarded their costs incurred herewith.

Respectfully Submitted,

ACCESS2GO, INC.

By:  ___/s/ M. Scott Hart_____
                    Of Counsel

M. Scott Hart, Esq. (VSB No. 15891)
Julie Thrall Burrow, Esq. (VSB No. 75907)
Counsel for Defendant Access2Go, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7778
Facsimile: (757) 687-1552
E-mail: Scott.Hart@troutmansanders.com
E-mail: Julie.thrall-burrow@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

**Counsel for The Hipage Company Inc.**
Richard H. Ottinger, Esq.
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510
Phone: (757) 446-8600
Facsimile (757) 446-8670
Rottinger@vanblk.com


_____/s/ M. Scott Hart_____
M. Scott Hart, Esq. (VSB No. 15891)
Counsel for Defendant Access2Go, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7504
Facsimile: (757) 687-1515
E-mail: Scott.Hart@troutmansanders.com

365309_1.DOC