IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THE HIPAGE COMPANY, INC.,

    Plaintiff,

v.                                                        Civil Action No.:2:08-cv-336 JBF-TEM

ACCESS2GO, INC.

    Defendant

## DEFENDANT ACCESS2GO, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO TRANSFER

Defendant Access2Go, Inc. ("Access2Go"), by counsel, submits this Reply to Plaintiff the Hipage Company, Inc.'s ("Hipage") Brief in Opposition to Access2Go's Motion to Dismiss, or in the alternative, Motion to Transfer.

### INTRODUCTION

Hipage's Opposition Brief essentially fails to respond to Access2Go's primary ground for dismissal - that Hipage's declaratory judgment action is blatant forum shopping, improper, and a waste of the Court's time and resources. Rather than addressing those arguments, Hipage attaches two affidavits alleging disputed facts not presented in the Complaint and concentrates its brief arguing the factual issues of apparent authority and of fraudulent inducement - a new theory not alleged in the complaint. Even if Hipage's new allegations and arguments set forth a basis for avoiding the Service Agreement and its forum selection clause, which they do not as explained below, the Court should dismiss this case for the obvious reason that it is not a proper case for declaratory judgment.

**A.    Hipage's Declaratory Judgment Action should be dismissed or transferred because it is improper procedural fencing.**

The case law so clearly and consistently holds that declaratory judgment actions like Hipage's are improper that Hipage was unable to make any serious argument to the contrary in its Opposition Brief. As stated in Access2Go's Brief in Support of its Motion to Dismiss, declaratory judgment actions are to be used when a party seeks guidance from the court regarding its future actions in order to avoid litigation. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.,* 386 F.3d 581, 593 (4th Cir. 2004). Declaratory judgment actions are not allowed by parties "to gain a litigation advantage by obtaining an advance ruling on an affirmative defense." *Calderon v. Ashmus,* 523 U.S. 740, 747, 118 S.Ct. 1694, 1698, 140 L.Ed.2d 970, 978 (1998) (citations omitted). Nor are declaratory judgments to be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir. 1998); *quoting Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir. 1937) (emphasis added).

Rather than arguing that its action is presently a proper use of the declaratory judgment remedy, Hipage argues that it will become a proper declaratory judgment action *if* the Illinois lawsuit is dismissed and therefore that the Court should stay rather than dismiss or transfer the case. *See* Hipage Brief at 3-4. But even the cases Hipage cites in that argument support dismissal. For example, in *Learning Network, Inc. v. Discovery Communs., Inc.*, 11 Fed. Appx. 297 (4th Cir. 2001), cited at 8, 11 and 13 of Hipage's Opposition Brief, the defendant sent the plaintiff a cease and desist letter contending that the plaintiff was violating the defendant's trademark rights. *Id.* at 299. When several months passed without the filing of a lawsuit by the defendant, the plaintiff filed its own declaratory judgment action in Maryland seeking the court's

direction regarding whether its actions infringed on the defendant's rights.  *Id.* at 300.  The defendant then filed a trademark infringement action against the plaintiff in New York, and the plaintiff asked the Maryland court to enjoin the defendant from prosecuting the New York case.  *Id.* at 300.  The trial court relied on the Fourth Circuit's "first filed" rule and granted a preliminary injunction.  The defendant appealed, arguing that the plaintiff's declaratory judgment action was an improper anticipatory filing.  *Id.* at 301.  The Fourth Circuit affirmed the trial court.  It acknowledged that declaratory judgment actions are not to be used as forum shopping tools and that "there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping for a race to the courthouse." *Id* at 301. But it held that the plaintiff in *Learning Network* was not forum shopping because there was no indication a lawsuit from the defendant was certain or imminent, stating that, "there can be no race to the courthouse when only one party is running."  *Id.* at 301.  Here, not only was a lawsuit imminent, *it was already filed*.  *Learning Network* does nothing to support Hipage's position that this Court should retain its declaratory judgment action.  To the contrary, *Learning Network* counsels that this Court should also apply the "first filed" rule and dismiss Hipage's action.

  Similarly, in *Yoder v. Heinold Commodities, Inc.,* 630 F.Supp. 756 (E.D. Vir. 1986), cited at 13 of Hipage's Opposition Brief, the defendant Heinold Commodities filed a motion for declaratory judgment in Illinois in anticipation of a lawsuit being filed in Virginia.  *Id.* at 758.  The plaintiff subsequently filed a lawsuit in Virginia and Heinold moved to dismiss arguing that the Illinois declaratory judgment action was filed first.  *Id.*  The court decided to retain jurisdiction over the lawsuit in Virginia because the declaratory judgment action was filed *in an*

*improper attempt to secure a forum.* This is the same improper tactic Hipage is attempting to use in this case, though Hipage's actions are even more obvious and egregious than Heinold's, because Hipage filed a declaratory judgment action in a different forum *after* Access2Go filed suit – not in anticipation of Access2Go filing suit. The *Yoder* court, quoting *Factors Etc., Inc. v. Pro Arts Inc.,* 579 F.2d 215 (2d Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S. Ct. 1215, 59 L. Ed. 2d 455 (1979), accused the defendant of "tactical maneuvering" and stated:

> [Defendant's] suit for declaratory judgment was filed in apparent anticipation of [plaintiff's] New York suit. When the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum. [citations omitted]. …The federal declaratory judgment is not a prize to the winner of a race to the courthouses.

630 F. Supp. at 761 (citations omitted). Simply put, the authority Hipage cites would support dismissal or transfer by this Court to Illinois even if Hipage had filed its declaratory judgment action first. But Access2Go filed its breach of contract claim first, making the case for dismissal or transfer of Hipage's declaratory judgment action even stronger. *See Ellicott Mach. Corp. v. Modern Welding Co.,* 502 F.2d 178 (4th Cir. 1974) (Fourth Circuit dictates giving priority to the suit filed first).

Access2Go recognizes that this Court has authority to stay this proceeding, but it respectfully submits that a dismissal or transfer of the matter is more appropriate under the circumstances of this case. First, as discussed at length in Access2Go's Opening Brief, Hipage's declaratory judgment action was blatant improper forum shopping and it should be dismissed for that reason.

Second, a stay of this case would be futile because Hipage has no substantive claim against Access2Go and Hipage needs no guidance from the Court to govern its future conduct.

The only purpose of Hipage's declaratory judgment action is to establish a defense to Access2Go's claim and if Hipage's motion to dismiss the Illinois law suit is granted, there will no longer be any claim to defend.  The Court cannot give any meaningful guidance to the parties at this stage because Hipage has already breached the contract and the parties' rights, whatever they are, have accrued.  If Access2Go's Illinois suit is dismissed for lack of jurisdiction, it will have to decide whether it wants to bring a claim in Virginia.  And, if it decides to do so, Hipage can present its defenses at that time and only then will the Court need to address the enforceability of the Service Agreement.  If Access2Go were to decide not to bring a claim in Virginia after an Illinois dismissal, there would be no need for this Court to decide whether Hipage has a valid defense to a nonexistent claim.

Finally, Hipage misstates the law regarding this Court's authority to transfer the action to federal court in Illinois.  The question is not whether the Illinois Court has personal jurisdiction over Hipage but whether Hipage could have brought its action against Access2Go in Illinois.  The decision of whether to transfer an action under § 1404(a) is committed to the sound discretion of the district court.  *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592 (E.D.Va. 1992).  In applying § 1404(a), a court must generally make two inquiries: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 630 (E. D.Va. 2003).  Hipage certainly could have brought its claim against Access2Go in Illinois because Access2Go is an Illinois corporation with its principal place of business in Illinois.  In addition, Access2Go agreed to jurisdiction in Illinois pursuant to the forum selection clause in the executed Service Agreement.

The interests of justice and convenience of the parties and witnesses also justify transfer. As stated in the Illinois lawsuit, Access2Go is located in Illinois. The witnesses to the execution of the Service Agreement and Access2Go's performance of its obligations under the Service Agreement are located in Illinois. And, while Hipage contends that Virginia law governs its attempt to avoid the contract, it cannot dispute that Illinois law will govern the case once a determination is made that those defenses are without merit, pursuant to the choice of law provision in the Service Agreement. Moreover, the Illinois federal court is competent to apply the law of other states, just as this Court is, and undoubtedly does so often.

Hipage has failed to cite a single case in which a district court has retained jurisdiction over a declaratory judgment action filed after a lawsuit involving the same parties and facts has already been filed. This action is improper, a waste of Access2Go's money, and a waste of this Court's time and resources. It should be dismissed.

**B.  Hipage's Affidavits should not be considered on a Motion to Dismiss and do not establish a sufficient basis for avoiding the Service Agreement in any event.**

Most of Hipage's Opposition Brief is devoted to arguing that the Service Agreement, and therefore the forum selection cause, is not enforceable, because it was induced by fraud and executed by an employee without authority. Attempting to create disputed issues of fact, Hipage submitted two affidavits stating new facts in support of its arguments, from its President, Frank Damon and from its Director of Information Technology, Chris Unger. The affidavits are not credible, they state positions that the law will not recognize and they studiously avoid key allegations of Access2Go's contract claim.

Hipage now takes the position that its Director of Information Technology did not believe the Service Agreement was a contract, knew he did not have authority to sign any contracts, and told these facts to Access2Go's agent, Acheson. Hipage claims Acheson agreed the Service

6

Agreement was not a contract despite the clear language stating it is a binding agreement and that it supersedes all prior statements or representations. (See Service Agreement, introductory paragraphs and ¶¶ 29, 34). Damon's affidavit says that he told Acheson that Unger did not have authority to sign any agreement in a telephone conversation that took place on April 3, 2008, two months after Unger signed it and one month after Damon himself signed an Access2Go Standard Credit Application; but he does not say when he learned that Unger had signed. Neither Unger nor Damon dispute the allegations in Access2Go's Illinois Lawsuit that during February, March and April 2008 Access2Go worked to establish a telecommunications network for Hipage as required by the Agreement, or that Unger assisted Access2Go in doing so. (Illinois Lawsuit ¶¶ 14-16). Nor do they allege that they were unaware that Access2Go was working on the contract, or that they told Access2Go not to do so.

As an initial matter, the Court should not entertain Hipage's argument that the contract and the forum selection clause are unenforceable because they were induced by fraud, because that theory is not set forth in the Complaint. It is well settled that upon consideration of a motion to dismiss, the Court must rely on the allegations as pled in the Complaint and cannot consider new allegations. See *Davis v. Cole*, 999 F. Supp. 809, 813 (Ed. Va. 1998) ("[t]he court may not consider additional allegations when ruling on a motion to dismiss"); *International Longshoremen's Ass'n, S.S. Clerks Local 1624 v. Virginia Int'l Terminals*, 914 F. Supp. 1335, 1338 (Ed. Va. 1996) ("[i]n ruling on a 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference"). Hipage's Complaint alleges no false statement or intent to deceive. Indeed, it nowhere contains the words "fraud", "misrepresentation," "untrue" or "false" statement. It simply does not allege fraud.

7

Even if the allegations in the affidavits had been included in the Complaint, it would not have alleged fraudulent inducement on which the Agreement could be set aside. A defendant who seeks to avoid a contract on the ground that it was fraudulently induced must allege and prove reasonable and justifiable reliance. *Metrocall of Delaware v. Continental Cellular Corp.,* 246 Va. 365, 437 S.E.2d. 189 (1993); *Poe v. Voss*, 196 Va. 821, 86 S.E.2d 47, 50 (Va. 1955) *(quoting West End Real-Estate Co. v. Claiborne,* 97 Va. 734, 34 S.E. 900, 906 (Va. 1900)); *Chandler v. Satchell*, 160 Va. 160, 168 S.E. 744, 749 (Va. 1933). A party alleging fraud cannot reasonable rely on oral representations directly contradicting a written agreement executed by the parties. *See Call Carl, Inc. v. BP Oil Corp.,* 554 F.2d 623 (4th Cir. 1977); *Entre Computer Centers, Inc. v. FMG of Kansas City, Inc.,* 819 F.2d 1279 (4th Cir. 1987), *overruled on other grounds, Busby v. Crown Supply,* 896 F.2d 833 (4th Cir. 1990). Here, the Service Agreement states that it is a binding Agreement between the parties and spells out their respective obligations. It also states that the person executing the Agreement (Unger) was authorized to bind Hipage by his signature. Thus, the written Agreement directly contradicts the oral misrepresentations alleged in the affidavits, and those allegations are insufficient to establish the reasonable reliance necessary for fraudulent inducement.

Moreover, a defendant alleging fraudulent inducement must repudiate the contract "with great punctuality upon learning of the wrong" or he will be deemed to have waived his right of repudiation. *Link Associates v. Jefferson Standard Life Insurance Co.*, 223 Va. 479, 291 S.E.2d 212 (1982). Hipage allowed Access2Go to perform on the Service Agreement from February until April 2008, until Access2Go had nearly completed its obligations under the Service Agreement and therefore waived its right to repudiate the contract for fraud. (Illinois Lawsuit ¶ 17).

Likewise, the failure to repudiate the unauthorized act of an agent within a reasonable time, and the acceptance of the benefits under a contract made by an allegedly unauthorized agent, constitute ratification of an unauthorized contract. *Kilby v. Pickurel*, 240 Va. 271, 275, 396 S.E.2d 666, 668. (1990); *Morris Law Office, P.C. v. Tatum,* 388 F. Supp. 2d 689, 702 (W.D. Va. 2004). Because Hipage allowed Access2Go to perform under the contract, it should be deemed to have ratified Unger's act.

The Service Agreement directly contradicts Unger's contention that he did not believe his signature created a binding agreement between Hipage and Access2Go, and his affidavit is not believable. Damon's affidavit carefully skirts key issues and does not establish that he or Hipage promptly informed Access2Go that Unger was not authorized to sign on its behalf; nor does either affidavit dispute the allegations in Access2Go's Illinois lawsuit that Hipage allowed it to substantially perform on the contract. Accordingly, the affidavits, together with the allegations in Hipage's Complaint, are not sufficient to state a claim upon which this Court could declare that the Service Agreement and its forum selection clause is unenforceable.

WHEREFORE, Defendant Access2Go by counsel, requests that:

(1) Access2Go's Motion to Dismiss be granted; or

(2) Access2Go's Motion to Transfer be granted and Hipage's Complaint for Declaratory Judgment be transferred to the United States District Court for the Central District of Illinois and consolidated with the Illinois Lawsuit; and

(3) Access2Go be awarded their costs incurred herewith.

    Respectfully Submitted,

    ACCESS2GO, INC.

    By: _____/s/ M. Scott Hart_____
           Of Counsel

M. Scott Hart, Esq. (VSB No. 15891)
Julie Thrall Burrow, Esq. (VSB No. 75907)
Counsel for Defendant Access2Go, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7778
Facsimile: (757) 687-1552
E-mail: Scott.Hart@troutmansanders.com
E-mail: Julie.thrall-burrow@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

**Counsel for The Hipage Company Inc.**
Richard H. Ottinger, Esq.
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510
Phone: (757) 446-8600
Facsimile (757) 446-8670
Rottinger@vanblk.com

/s/ M. Scott Hart
M. Scott Hart, Esq. (VSB No. 15891)
Counsel for Defendant Access2Go, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7504
Facsimile: (757) 687-1515
E-mail: Scott.Hart@troutmansanders.com

366666_2.DOC